---

## In re BIRD'S ESTATE.

*(Surrogate's Court, New York County.   July 26, 1890.)*

1. LEGACY TAX—PECUNIARY LEGACY—CASH VALUE.
    Under Laws N. Y. 1887, c. 713, § 1, imposing a tax on all property which shall pass by will, except that "an estate which may be valued at a less sum than $500 shall not be subject to such duty or tax," a legacy of $500 is of the fair market value of its face, and is subject to the tax.

2. SAME—EXEMPTIONS—CHILD OF ADOPTED CHILD.
    The provision of section 1, declaring that a legacy to an adopted child, or to a person to whom "the deceased has not for less than ten years prior to his or her death stood in the mutually acknowledged relation of a parent," shall not be subject to the tax, does not include the child of an adopted child.

Proceedings for the taxation of certain legacies under the will of Mary E. Bird, deceased.   Laws N. Y. 1887, c. 713, § 1, is as follows: "Section 1. After the passage of this act, all property which shall pass by will or by the intestate laws of this state, from any person who may die seised or possessed of the same while a resident of this state, or if such decedent was not a resident of this state at the time of death, which property, or any part thereof, shall be within this state, or any interest therein, or income therefrom, which shall be transferred by deed, grant, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the grantor or bargainor, to any person or persons, or to any body politic or corporate, in trust or otherwise, or by reason whereof any person or body politic or corporate shall become beneficially entitled, in possession or expectancy, to any property, or to the income thereof, other than to or for the use of his or her father, mother, husband, wife, child, brother, sister, the wife or widow of a son, or the husband of a daughter, or any child or children adopted as such in conformity with the laws of the state of New York, or any person to whom the deceased for not less than ten years prior to his death stood in the mutually acknowledged relation of a parent, and any lineal descendant of such decedent born in lawful wedlock, or the societies, corporations, and institutions now exempted by law from taxation, by reason whereof any such person or corporation shall become beneficially entitled, in possession or expectancy, to any such property, or to the income thereof, shall be and is subject to a tax of five dollars on every hundred dollars of the clear market value of such property, and at and after the same rate for any less amount, to be paid to the treasurer of the proper county, and in the city and county of New York to the comptroller thereof, for the use of the state; and all administrators, executors, and trustees shall

be liable for any and all such taxes until the same shall have been paid as here-inafter directed: provided, that an estate which may be valued at a less sum than five hundred dollars shall not be subject to such duty or tax."

*Wm. H. Page, Jr.*, for the executor.

RANSOM, S. The main question to be disposed of in this matter is whether a legacy of $500 is of the fair market value of its face, and hence subject to the tax imposed by the act, (chapter 713, Laws 1887.) By section 1 of this act it is provided that "an estate which may be valued at a less sum than $500 shall not be subject to such duty or tax." The question seems plainly answered in the affirmative by the act itself, the only source of information on the subject. The intent of the legislature is to be ascertained, and such seems to me to have been that all property of the value of not less than the sum of $500 at the date of decedent's death, passing by will or by our intestate law to collaterals, is subject to a tax of 5 per cent. thereon, which is declared by the act to be a lien upon the property to be taxed, and is a condition lawfully imposed by the legislature upon the devolution of the title to such property. The title to the property vested in the legatee or distributee at the date of decedent's death. At that time it passes to him, and, by the words of the act, its fair and clear market value must be ascertained as of that date, by an appraisement to be then had; and the tax is declared to be then "due and payable," and at that time the right of the state to the tax vested. By section 4 of the act it is provided that the legatee or distributee may have 18 months within which to pay the tax, without interest. It would seem, therefore, that the legislative intent is clear. For six months after the legacy may have come to his possession, the legatee is relieved from the payment of the tax. It seems to me plain that the legislature, in order to effectuate the purpose of this act, were compelled to provide a time when the value of the property subject to the tax must be ascertained, and upon that value the tax must be paid as a condition of its delivery to the legatee. The machinery provided for ascertaining the value of such property was not intended for use in respect of moneyed legacies. Section 6 of the act proves the soundness of this proposition, I think: "If the legacy be money, the executor shall deduct the tax therefrom, or if the legacy or property be not money, he shall collect the tax thereon upon the appraised value thereof from the legatee or person entitled to such property; and he shall not deliver or be compelled to deliver any specific legacy or property subject to tax to any person until he shall have collected the tax thereon." This section further provides that "if such legacy be given in money to any person for a limited period, he [the executor] shall retain the tax upon the whole amount." Thus we see that the legislature plainly distinguished between a moneyed legacy and one of other property, and find authority for the construction which has been given to this act by me in several cases heretofore, that a money legacy need not be appraised. In fact, the meaning of the act itself is an appraisement by the legislature of a money legacy at its face value at the date of the decedent's death. Legacies of property not in money are to be appraised at their fair, clear market value, as of the date of decedent's death, not as of one year thereafter, when the legacy is payable and its delivery may be enforced. It is said that the fair, clear, market value of the property subject to the tax is what it will be worth when the legatee is entitled to receive it, and may compel its delivery to him. This construction of the act works its repeal. Moreover, it is contrary to its very letter. The soundness of this proposition is shown by a consideration of the rights of the parties in case of property other than money, which had appreciated in value since decedent's death; for instance, stocks. I am aware that the learned surrogates of Westchester and Kings counties have decided this question differently. They have appraised the money legacy at what it

will be worth to the legatee at the end of the year, and to ascertain that fact they take 5 per cent. from its face value. I confess I am unable to perceive any authority for that rate of discount. Legal interest is 6 per cent., and, if any discount should be allowed, why not at the legal rate of interest? At this point it occurs to me that the rate of interest might be increased or diminished within a year after decedent's death, and, of course, any change in the rate of interest would, according to the construction of the learned surrogates, effect the market value of the legacy. I am unable to accept their construction of this act, and I must hold that the legacies of $500 each are subject to the tax.

Another question is presented by counsel for executor, who has most ably and ingeniously argued against the liability of these legacies to the tax, to-wit: That one of the legatees should be held exempt upon the ground that she is a child of an adopted child, and, as such, falls within the exempted class. I cannot acquiesce in this construction. The statute (section 1) is very explicit in stating the classes that are exempted, and expressly declares that a person adopted, or who has stood for more than 10 years in the mutual acknowledged relationship of a parent, is exempted, not the descendant of such person. Appraiser's report is affirmed.